OPINION
{¶ 1} This is an appeal from a final judgment and decree ofdivorce. Plaintiff-Appellant, James P. Arnett, presents twoassignments of error
 {¶ 2} First assignment of error
 {¶ 3} "The trial court abused its discretion by failing toallocate the marital debt equitably because there was no soundreasoning process used by the court in dividing the maritaldebt."
 {¶ 4} Second assignment of error
 {¶ 5} "The trial court abused its discretion by failing todeduct appellee's awarded share of the marital equity in the homefrom the marital debt appellee owes on the marital debt."
 {¶ 6} The jurisdiction of the courts of common pleas and theirdivisions is determined by statute. Article IV, Section 4(B),Ohio Constitution. Acting pursuant to its authority, the GeneralAssembly has conferred full equitable jurisdiction on thedomestic relations courts "appropriate to the determination ofall domestic relations matters." R.C. 3105.11.
 {¶ 7} The General Assembly has also elected to guide thedomestic relations court's exercise of the discretion conferredon it with respect to the parties' obligations, one to the other,in two further sections of the Revised Code. R.C. 3105.171governs property division. R.C. 3105.18 governs spousal support.Remarkably, in view of the exquisite detail of those sections,they fail to deal with one very important matter: marital debt.
 {¶ 8} We have held that "[d]ebts, like assets, are classifiedas property, and an order assigning them to one of the parties isa form of property division." Stackhouse v. Stackhouse(July 25, 1997), Montgomery App. No. 16244, p. 2. Therefore, aswith assets, "equality" is the "starting point" for dividing anydebts which are marital. Easterling v. Easterling (April13, 2001), Montgomery App. No. 18523. However, and as withassets, the court may divide the marital debt in some otherfashion if it finds that an equal division would be inequitable.R.C. 3105.171(C)(1).
 {¶ 9} The standard for appellate review of a domesticrelations court's division of assets and debts is the abuse ofdiscretion standard. "The term `abuse of discretion' connotesmore than an error of law or judgment; it implies that thecourt's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.Further, and again as with assets, in allocating debts betweenthe parties "the trial court must indicate the basis for itsaward in sufficient detail to enable a reviewing court todetermine that the award is fair, equitable, and in accordancewith the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97.
 {¶ 10} Having said that, we will consider the error thatPlaintiff-Appellant assigns with respect to the division ofdebts, or obligations on indebtedness, that the trial courtordered. It appears that they fall into three broad categories.
 {¶ 11} The marital residence was awarded toPlaintiff-Appellant by agreement of the parties.Plaintiff-Appellant complains that the court abused itsdiscretion when it failed to award him a credit against an amounthe was ordered to pay Defendant-Appellee for her equity in themarital residence. He doesn't argue that Defendant-Appellee isn'tentitled to compensation for her equity, which appears to derivefrom an investment of her own separate property. Rather,Plaintiff-Appellant argues that he is entitled to a set-off forthe mortgage and utility bill payments he made to support theresidence during the months after their separation whileDefendant-Appellee and her children from another union residedthere.
 {¶ 12} The expenditures Plaintiff-Appellant made were notdebts the court ordered him to pay. He made the payments to avoidforeclosure and encumbrances while Defendant-Appellee lived inthe marital residence at his acquiescence. Plaintiff-Appellant nodoubt wanted the matter resolved as promptly as possible, but thefact that it wasn't doesn't entitle him to a reimbursement or aset-off for the expenditures he made. They were made prior to thefinal hearing on his complaint for divorce, and were thereforemarital obligations per R.C. 3105.171(A)(2) that he paid. We findno abuse of discretion in denying him the credit he asks for.
 {¶ 13} The second broad category is debts, mainly credit carddebts, on which the parties were jointly obligated but whichPlaintiff-Appellant was ordered to pay. It is undisputed thatthese debts were incurred during the marriage. Therefore, theyare marital obligations that should be divided equally, unless anequal division would be inequitable. R.C. 3105.171(C)(1). If thecourt divides the debts on some basis other than an equaldivision, it must indicate the basis for its award in sufficientdetail to enable a reviewing court to determine that the award isequitable. Kaechele.
 {¶ 14} An exactly equal division of debts and non-liquidassets may not be feasible. De minimus differences arepermissible. Here, Plaintiff-Appellant was ordered to pay almostall the marital debt, which exceeds thirty thousand dollars.
 {¶ 15} The court indicated no basis for requiringPlaintiff-Appellant to substantially pay more than one-half themarital debts. He argues that the requirement is inequitable. Weare unable to determine the issue absent findings by the trialcourt which indicate the basis of its orders. The provisions ofthe decree ordering Plaintiff-Appellant to pay more than aone-half share of the marital debt will be reversed and the casewill be remanded for findings to support the requirements thecourt imposed.
 {¶ 16} Finally, the court ordered Plaintiff-Appellant to paycertain debts Defendant-Appellee had incurred in her own name.Again, this was without explanation or findings. And, again, theorders will be reversed and the case remanded for findings tosupport the court's orders.
 {¶ 17} We emphasize that, at least at this stage, we can findno lack of merit in the trial court's order requiringPlaintiff-Appellant to pay certain debts. That may be just andequitable, under the circumstances. Defendant-Appellee has threechildren to support, but she enjoys an income slightly greaterthan Plaintiff-Appellant's, Absent supportive findings we cannotdetermine the abuse of discretion claimed, and an effort on ourpart to do so would require an almost de novo review of theissues presented.
 {¶ 18} The assignments of error are sustained, in part, andthe matter is remanded for further proceedings consistent withthis opinion.
 Brogan, J. and Young, J., concur.