[Cite as *Oliver v. Oliver*, 2012-Ohio-3483.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                           |   |                         |
|---------------------------|---|-------------------------|
|                           | : | JUDGES:                 |
| MISTY L. OLIVER           | : | W. Scott Gwin, P.J.     |
|                           | : | John W. Wise, J.        |
| Plaintiff-Appellant       | : | Julie A. Edwards, J.    |
|                           | : |                         |
| -vs-                      | : | Case No. 2011 AP 11 0044|
|                           | : |                         |
|                           | : |                         |
| JOSEPH D. OLIVER          | : | O P I N I O N           |
|                           |   |                         |
| Defendant-Appellee        |   |                         |


CHARACTER OF PROCEEDING:      Civil Appeal from Tuscarawas County
Court of Common Pleas Case No.
2009 TM 03 0151

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      July 30, 2012

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

SHARON BUCKLEY-MIRHAIDARI        BRAD HILLYER
152 N. Broadway Ave., Suite 200        201 N. Main Street, Box 272
New Philadelphia, Ohio 44663         Uhrichsville, Ohio 44683

*Edwards, J.*

{¶1} Appellant, Misty L. Oliver, appeals a judgment of the Tuscarawas County Common Pleas Court granting her a divorce from appellee Joseph D. Oliver on the grounds of adultery and incompatibility.

STATEMENT OF FACTS AND CASE

{¶2} The parties were married in 1999. They did not have children together, but each had children from a prior marriage. The parties lived separate and apart beginning in 2007. Appellee admitted to having an adulterous affair and lived with his mistress and their child.

{¶3} Appellee is a registered nurse. Appellant had previously been employed as an LPN. She was eligible to test to be an RN and was attending school full time to be a nurse practitioner.

{¶4} From 2002-2005, the parties owned a business called Guardian Nurses, which was a temporary agency sending nurses to hospitals and other medical facilities as needed. Appellee was employed by the agency as a nurse, and appellant did most of the administrative work for the company out of their home. The parties filed separate tax returns with the business income reported on appellant's tax returns. No tax returns were filed for appellant or the business in 2003, 2004, and 2005. Appellant was concerned that the IRS would take action against her in the future and was further concerned that payroll taxes on the business had not been paid.

{¶5} The instant action for divorce was filed on March 31, 2009. The case proceeded to a hearing before a magistrate. Objections were filed to the magistrate's report. Following a hearing on the objections, the trial court granted appellant a divorce

on the grounds of adultery and incompatibility. The court divided marital property and debt and ordered appellee to pay appellant spousal support in the amount of $500.00 per month for 36 months.  Regarding the tax liability related to Guardian Nurses, the court stated, "The Court shall retain jurisdiction to address any tax liability that may arise from Guardian Nurses, the marital business of the parties."  Judgment, October 13, 2011.

{¶6}  Appellant assigns twelve errors to this Court on appeal:

{¶7}  "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ONLY AWARDING $500.00 A MONTH IN SPOUSAL SUPPORT.

{¶8}  "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT RENDERING A DECISION WITH REGARD TO UNPAID TAXES DUE TO THE FEDERAL, STATE AND LOCAL INCOME TAX DEPARTMENTS.

{¶9}  "III. THE TRIAL COURT ERRED IN NOT RENDERING A DECISION WITH REGARD TO HEALTH INSURANCE FOR MISTY OLIVER.

{¶10}  "IV. THE TRIAL COURT ERRED IN AWARDING JOE OLIVER GUNS.

{¶11}  "V. THE TRIAL COURT ERRED IN AWARDING MISTY OLIVER ONLY $250.00 AFTER FINDING JOE IN CONTEMPT OF COURT FOR TRASHING MISTY AND MISTY'S CHILDREN'S PERSONAL PROPERTY IN THE DUMPSTER.

{¶12}  "VI. THE TRIAL COURT ERRED IN NOT ORDERING THE RETURN OF MISTY'S PERSONAL PROPERTY SHE SAW JOE AND HIS MISTRESS HAVE AT THEIR HOUSE IN PICTURES SHE SAW ON FACEBOOK.  THE TRIAL COURT FURTHER ERRED AND ABUSED ITS DISCRETION IN NOT ADMITTING THE FACEBOOK PHOTOGRAPHS INTO EVIDENCE.

{¶13} "VII. THE TRIAL COURT ERRED IN NOT AWARDING THE MINERAL CITY PROPERTY TO MISTY OLIVER.

{¶14} "VIII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT ISSUING A DECISION WITH REGARD TO ALL OF THE MARITAL DEBT.

{¶15} "IX. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING ONE HALF OF THE VANGUARD ACCOUNT TO MISTY OLIVER.  MISTY OLIVER SHOULD HAVE BEEN AWARDED THE FULL AMOUNT OF THE VANGUARD ACCOUNT.

{¶16} "X. THE TRIAL COURT ERRED IN NOT AWARDING ATTORNEY FEES TO MISTY OLIVER.

{¶17} "XI. THE TRIAL COURT'S REFUSAL TO ADDRESS APPELLANT'S MOTIONS PROIR [SIC] TO TRIAL AND ADMIT EVIDENCE AND TESTIMONY AT TRIAL WAS AN ABUSE OF DISCRETION AND DENIED APPELLANT DUE PROCESS AND A FAIR TRIAL.

{¶18} "XII. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ORDER THE PROCEEDS FROM THE SALE OF THE 4033 W. STATE STREET PROPERTY AND MISTY'S RETIREMENT BENEFITS AS SEPARATE PROPERTY."

{¶19} Appellee assigns the following errors on cross-appeal:

{¶20} "I. THE JUDGE ERRED IN FINDING A DIVORCE ON GROUNDS OF ADULTERY.

{¶21} "II. THE TRIAL COURT ERRED IN FINDING A CHARGE OF CONTEMPT AGAINST THE APPELLEE."

**{¶22}** As a preliminary matter, we address the issue of whether the judgment appealed from is a final, appealable order due to the court's retention of jurisdiction to address tax liability from Guardian Nurses.

**{¶23}** If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See *General Acc. Ins. Co. v. Insurance Co. of N. Am.* , 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, then we must raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus (1989).

**{¶24}** R.C. 3105.171(B) provides for a division of marital property. Debt, like assets, are classified as property, and an order assigning debt is a form of property division. *Arnett v. Arnett,* 2nd Dist. No. No. Civ. A. 20332, 2004-Ohio-5274, ¶8. R.C. 3105.171(I) states:

**{¶25}** "(I) A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."

**{¶26}** In the instant case, appellee agreed orally at trial to reopen the divorce case regarding the issue of tax liability from Guardian Nurses if the IRS attempted to collect taxes from appellant. However, the parties did not agree in writing to future modification of the property division, and appellant did not consent to reserving the issue for future modification.

**{¶27}** A divorce decree which leaves issues relating to the property division unresolved is not a final order. *Muhlfelder v. Muhlfelder,* 11th Dist. No. 200-L-183, 2000-

L-184, 2002-Ohio-1166. The trial court was without statutory authority to reserve jurisdiction over this division of debt pursuant to R.C. 3105.171(I). Whether or not the IRS becomes aware of the unpaid taxes and chooses to pursue a claim, unpaid taxes incurred by the parties during the marriage from a marital business constitute marital debt. Because the trial court failed to divide this debt and left the matter open for future resolution, the judgment appealed from is not a final, appealable order.

{¶28} The appeal is dismissed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

                                         JUDGES

JAE/r0710

[Cite as *Oliver v. Oliver*, 2012-Ohio-3483.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MISTY L. OLIVER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH D. OLIVER | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011 AP 11 0044 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Tuscarawas County Court of Common Pleas is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES