[Cite as *Merkle v. Merkle*, 2014-Ohio-81.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| KATHY J. MERKLE (NKA ZIGAN) | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-31 |
| MATTHEW C. MERKLE | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court
                             of Common Pleas, Domestic Relations
                             Division Case No. 11DR1414



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      January 9, 2014

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

VICKY CHRISTIANSEN                   MICHELLE GRAMZA
JULIA K. FIX                         32 N. Park Place, P.O. Box 309
172 Hudson Avenue                    Newark, OH 43058-0309
Newark, OH 43055-5750

*Gwin, P.J.*

{¶1} Appellant appeals the March 15, 2013 judgment entry of the Licking County Court of Domestic Relations denying appellant's motion for reconsideration.

*Facts & Procedural History*

{¶2} On February 11, 2013, the Licking County Court of Domestic Relations entered a judgment entry and decree of divorce to both appellant Kathy Merkle (nka Zigan) and appellee Matthew Merkle based on incompatibility. In the divorce decree, the trial court divided all the marital property, financial accounts, retirement accounts, and personal property. The trial court found that a $30,000 loan taken out by appellant against her retirement account was marital debt that appellant is responsible for paying and awarded appellee $63,500 of appellant's $152,000 retirement account. The trial court also divided all household goods and property, specifically listed the items that the court found to be appellee's separate non-marital property, and also included a list of items the court found to be marital property awarded to appellee. Appellant was awarded the balance of the household goods and personal property in her possession. The trial court found this division to be "equitable if not equal." In the paragraphs regarding the retirement accounts and the personal property division, the trial court stated that, "the court retains jurisdiction to effectuate the meaning of this paragraph."

{¶3} The trial court noted on its judgment entry and decree of divorce that "this is a final appealable order." Neither appellant nor appellee filed an appeal of the trial court's February 11, 2013 judgment entry and divorce decree. On February 28, 2013, appellant filed a "motion for reconsideration" of items in the judgment entry and decree of divorce on the issues of retirement and personal property. Appellant first argued that

because the $30,000 loan against appellant's 401(k) was found to be a marital debt, the trial court was incorrect when it awarded appellee $63,500 of appellant's retirement account because the $30,000 was not included in the trial court's computation of appellee's interest in appellant's retirement account. Further, that the trial court should correct the divorce decree because the premarital portion of appellant's retirement account was not included in the separate versus marital property determination. Appellant requested both retirement issues be corrected pursuant to Civil Rule 60(A). Appellant also argued there was an error regarding the division of personal property in light of appellee's responses to discovery interrogatories number 21 and 22 and thus it was a mistake to award appellee a disproportionate share of the personal property based on his discovery responses. Appellee filed a memorandum contra to appellant's motion for reconsideration on March 12, 2013, arguing appellant was requesting substantive changes not permissible pursuant to Civil Rule 60(A).

{¶4} On March 15, 2013, the trial court entered a judgment entry denying appellant's motion for reconsideration. The trial court first stated that since the trial judge who originally heard the divorce case had been appointed to another judicial position, an administrative or visiting judge could not rule on the motion without hearing the evidence heard by the original judge. However, the trial court went on to specifically deny appellant's motion for reconsideration because the motion went beyond a Civil Rule 60(A) or simple nunc pro tunc correction of a mathematical or scriveners error. The trial court determined the issues presented by appellant needed to be addressed by an appeal of the February 11, 2013 divorce decree.

{¶5} Appellant appeals the March 15, 2013 judgment entry of the Licking County Court of Domestic Relations, assigning the following as error:

{¶6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FILED PURSUANT TO CIV.R. 60 WITHOUT RULING ON THE MEIRTS OF THE MOTION.

{¶7} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO APPOINT A VISITING JUDGE TO RULE ON THE MERITS OF APPELLANT'S MOTION.

{¶8} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FILED PURSUANT TO CIV.R. 60 WHEN APPELLANT WAS ENTITLED TO RELIEF UNDER 60(B)(1) AND (5)."

I.

{¶9} Appellant argues the trial court erred and abused its discretion when it denied appellant's motion filed pursuant to Civil Rule 60(A) without ruling on the merits of the motion. We disagree.

{¶10} Appellant first contends the trial court failed to rule on the merits of her motion for reconsideration. However, the trial court specifically denied the motion and found it was beyond a Civil Rule 60(A) clerical error.

{¶11} Appellant next asserts the trial court erred in denying her motion for reconsideration pursuant to Civil Rule 60(A). We first note that no motion for reconsideration exists under the Ohio Civil Rules. *Casey v. Casey*, 5th Dist. Guernsey No. 00-CA-20, 2001 WL 326863 (April 3, 2001). Further, we will not reverse a trial court's decision regarding relief from judgment pursuant to Civil Rule 60(A) absent an

abuse of discretion.  *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12}  Civil Rule 60(A) permits a court to correct only clerical errors arising from an oversight or omission and states that, "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."  Civ.R. 60(A).  The Ohio Supreme Court has stated that, "Civil Rule 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments."  *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996).  Under Civil Rule 60(A), a clerical mistake refers to a mistake or omission that is mechanical in nature and does not involve a legal decision or judgment.  *Thurston v. Thurston*, 10th Dist. Franklin No. 02AP-555, 2002-Ohio-6746.

{¶13} The requests made by appellant in her motion go beyond the scope of merely correcting a clerical error or blunder in the execution, as the requested alterations would substantively alter the divorce decree.  The trial court specifically considered the $30,000 loan when making its final division of the pension and retirement accounts and the trial court expressly found an equitable division of the assets and debt was made in this case after consideration of the factors set forth in R.C. 3105.171.  Appellant also asserts the trial court made an inadvertent mistake when it awarded appellee a disproportionate share of the personal property based on his

discovery responses and when it failed to include the premarital portion of appellant's retirement account in the separate versus marital property determination. However, the trial court divided the personal property in detail and found the division to be "equitable if not equal." Further, the trial court determined that the "asset/debt distribution in this particular case [is] equitable if not equal" after a review pursuant to R.C. 3105.171(C)(1) and (F). The alterations requested by appellant to the trial court's decision require legal decisions and judgments, not merely the correction of mechanical mistakes. To alter the manner in which the retirement accounts and personal property are divided would constitute a substantive change to the court's judgment. If a mistake was made in the divorce decree as appellant asserts, it was not a clerical mistake and we would have to review the trial court's decision in conjunction with the evidence presented to the trial court. Civil Rule 60(A) cannot be utilized to correct such a mistake and cannot be applied to change something which was deliberately done. *Melkerson v. Melkerson*, 11th Dist. Geauga No. 2009-G-2887, 2009-Ohio-6381. Accordingly, the trial court did not abuse its discretion in denying appellant's motion pursuant to Civil Rule 60(A).

{¶14} Further, appellant attempts to utilize Civil Rule 60(A) as a substitute for appeal. Civil Rule 60(A) is not a substitute for a timely appeal of a judgment. *Thurston v. Thurston*, 10th Dist. Franklin No. 02AP-555, 2002-Ohio-6746; see also *Doe v. Trumbull County Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986). As discussed below, the divorce decree in this case was a final, appealable order and resolved all the outstanding issues between the parties. The issues raised by appellant in her motion for reconsideration were cognizable on direct appeal from the February 11, 2013 divorce decree and are a challenge to the correctness of the trial court's

original decision on the merits. Such a challenge could have been raised by a way of appeal of the divorce decree and Rule 60(A) relief is not available as a substitute for such appeal.

{¶15} Appellant argues the trial court abused its discretion in failing to grant her motion because the trial court specifically retained jurisdiction to "effectuate the meaning" of the language in the paragraphs regarding the personal property and retirement account division and that because this language was included, she was not required to file a direct appeal of the divorce decree. We disagree.

{¶16} Appellant fails to cite any legal authority in support of her argument as required by App.R. 16(A)(7). Further, R.C. 3105.171 governs the equitable division of marital and separate property and provides that, "a division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." R.C. 3105.171(I). Retirement benefits accumulated during the marriage are specifically listed in R.C. 3105.171(A)(3)(a) as marital property subject to equitable division under R.C. 3105.171. Accordingly, the trial court lacks the statutory authority to reserve jurisdiction to modify or alter the division of marital and separate property, including retirement benefits, once the trial court enters the final divorce decree. *Oliver v. Oliver,* 5th Dist. Tuscarawas No. 2011AP110044, 2012-Ohio-3483; *Ortiz v. Ortiz*, 7th Dist. Jefferson No. 05JE6, 2006-Ohio-3488; *Veidt v. Cook*, 12th Dist. Butler No. 2003-08-209, 2004-Ohio-3170; *Robins v. Robins*, 10th Dist. Franklin No. 04AP-1152, 2005-Ohio-4969.

**{¶17}** However, a trial court retains jurisdiction to enforce its orders and has the power to construe its original property division and clarify ambiguous clauses as to effectuate its judgment. *Veidt v. Cook*, 12th Dist. Butler No. 2003-08-209, 2004-Ohio-3170. In her motion for reconsideration, appellant is not asking the trial court to clarify an ambiguous clause in the divorce decree to effectuate the judgment or to enforce its order. Rather, appellant is seeking substantive modifications of the divorce decree. In this case, the trial court divided all of the assets, debts, and there are no issues in the divorce decree left unresolved. The trial court found the divorce decree to be a final, appealable order. Any objections to the trial court's findings or rulings in the divorce decree should have been raised in a direct appeal of the February 11, 2013 divorce decree. Further, appellant's request pursuant to Civil Rule 60(A) does not rely upon the trial court's continued or retained jurisdiction, but upon the trial court's authority to correct clerical mistakes. See *Noble v. Noble*, 10th Dist. Franklin No. 07AP-1045, 2008-Ohio-4685.

**{¶18}** Accordingly, appellant's first assignment of error is overruled.

II.

**{¶19}** Appellant next argues the trial court erred and abused its discretion in failing to appoint a visiting judge to rule on the merits of her motion pursuant to Civil Rule 63. We disagree. Civil Rule 63 provides that if a "judge before whom an action is tried is unable to perform the duties to be performed * * * after * * * findings of fact and conclusions of law are filed, another judge designed by the administrative judge * * * may perform those duties * * *. Civil Rule 63.

{¶20} We agree with appellant that the trial court stated at the beginning of its entry denying her motion for reconsideration that since the trial judge who originally heard the divorce case had been appointed to another judicial position, an administrative or visiting judge could not rule on the motion without hearing the evidence heard by the original judge.  However, despite the inclusion of this language, the trial court did rule on appellant's motion in the March 15, 2013 judgment entry.  The trial court specifically found that appellant's motion was "beyond a Civil Rule 60(A) or a simple nunc pro tunc correction of a mathematical or scriveners error" and that the issues cited by appellant in her motion for reconsideration "need to be addressed by appeal."  The trial court further stated appellant's "motion for reconsideration is denied."  Accordingly, the administrative judge ruled on appellant's motion and did not abuse his discretion when he did not appoint a visiting judge to rule on appellant's motion.

{¶21}  Appellant's second assignment of error is overruled.

III.

{¶22} Appellant asserts the trial court abused its discretion when it denied appellant's motion filed pursuant to Civil Rule 60(B), as appellant was entitled to relief under Civil Rule 60(B)(1) and (5).

{¶23} Despite appellant's argument that she included a Civil Rule 60(B) motion in her motion for reconsideration, a review of the motion filed demonstrates that no Civil Rule 60(B) motion or argument was included in her February 28th filing.  The motion is entitled "motion for reconsideration." The first paragraph of the motion moves for reconsideration pursuant to "Civil Rule 60."  However, in appellant's memorandum of support of her motion, she includes only Civil Rule 60(A) as a basis for the motion.

Appellant fails to include any mention of Civil Rule 60(B) in the motion or memorandum of support, including the section number under which she claims she is entitled to relief. Appellant raises this argument for the first time on appeal. A party cannot assert new arguments for the first time on appeal. *Stores Realty Co. v. Cleveland*, 41 Ohio St. 41, 42, 322 N.E.2d 629 (1975). Since appellant failed to argue Civil Rule 60(B) to the trial court, this court will not review the issue on appeal. *May v. Westfield Village L.P.*, 5th Dist. No. 02-COA-051, 2003-Ohio-5023, citing *Lippy v. Society Nat'l Bank*, 88 Ohio App.3d 33, 623 N.E.2d 108 (1993).

**{¶24}** Based on the foregoing, we overrule appellant's first, second, and third assignments of error and affirm the March 15, 2013 judgment entry of the Licking County Court of Domestic Relations.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur