[Cite as *Peoples v. Peoples*, 2025-Ohio-1680.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

KENDO PEOPLES                          :
                                       :
    Appellee                       :    C.A. No. 30299
                                       :
v.                                     :    Trial Court Case No. 2023DR00751
                                       :
LESLIE A. PEOPLES                      :    (Appeal from Common Pleas Court-
                                       :    Domestic Relations)
    Appellant                      :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on May 9, 2025

. . . . . . . . . . .

MARY K.C. SOTER, Attorney for Appellant

DEAN E. HINES, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Leslie A. Peoples appeals from the October 11, 2024 amended final decree of divorce issued by the Montgomery County Court of Common Pleas, Domestic Relations Division. For the following reasons, we will affirm the judgment of the trial court.

I.     Course of Proceedings

{¶ 2} On November 3, 2023, Plaintiff-Appellee Kendo Peoples filed a complaint for divorce in the Montgomery County Court of Common Pleas, Domestic Relations Division. According to the complaint, Kendo and Leslie Peoples were married on May 17, 2008, and had two children born as issue of the marriage.  Their younger child was born in 2011 and was still a minor at the time of the divorce filing.   Kendo sought a divorce, legal custody of the parties' minor child, designation as the residential parent, temporary and permanent child support, and his rightful share of the properties owned by the parties. He also filed a motion for a temporary restraining order pursuant to Civ.R. 75(I).

{¶ 3} Leslie filed an answer and counterclaim.   She sought a divorce, sole custody of their minor child, child support, spousal support, ownership of their house, ownership of their GMC Yukon, and an equitable distribution of all marital assets.   Leslie also filed a motion for temporary custody, support, visitation, and a temporary restraining order pursuant to Civ.R. 75(I).

{¶ 4} On December 1, 2023, the trial court issued a temporary order awarding custody of the minor child to Leslie and ordering Kendo to pay $275.75 per month in child support.   The court ordered visitation to occur on Saturdays. The court then appointed a guardian ad litem.

{¶ 5} The parties filed several motions over the course of the next several months. Kendo filed a petition for shared parenting and multiple motions seeking modification of the trial court's December 1, 2023 temporary order.   Leslie filed a motion to show cause

as to why Kendo should not be held in contempt of court for failing to pay the temporary child support that had been ordered. On January 25, 2024, following a hearing, the court issued an agreed order stating that no child support enforcement would occur during the pendency of the divorce, Kendo would receive parenting time every other weekend, and the paternal grandmother would have no contact with the minor child until further order of the court. The trial court subsequently issued an order granting interim attorney fees to Leslie.

{¶ 6} Kendo then filed a motion for a vocational analysis of Leslie, which the trial court granted. He also filed multiple motions to find Leslie in contempt of court for not allowing him to exercise his parenting time and not allowing the minor child to speak with him over the phone. Leslie filed a motion to modify the agreed order relating to parenting time. On June 18, 2024, following a hearing, the magistrate issued a decision finding: (1) parenting time should be modified so that parenting time exchanges shall take place at 10:15 p.m.; (2) Kendo had not provided sufficient evidence to prove that Leslie was in contempt of a court order; and (3) the temporary custody order should be modified to allow paternal grandmother to have contact with the minor child. On July 10, 2024, the trial court adopted the magistrate's decision.

{¶ 7} On August 22, 2024, a final evidentiary hearing was held on the parties' requests for a divorce. On September 9, 2024, the trial court issued a decision addressing the division of property, allocation of parental rights and responsibilities, spousal support, and child support. The court ordered Kendo's counsel to prepare a final judgment and decree of divorce that would incorporate all matters the parties stipulated

to and the findings addressed in the court's September 9, 2024 decision.

{¶ 8} On September 27, 2024, the trial court issued a final judgment entry and decree of divorce and a final judgment entry and decree of shared parenting. However, on October 9, 2024, the trial court issued an amended decision. According to the first paragraph of the decision, "THIS ENTRY HAS BEEN AMENDED TO CORRECT THE CLERICAL ERROR, NAMING DEFENDANT, RESPONSIBLE FOR HOUSING UNTIL SALE. (See, page 6 and Order for Updated Decree, See page 15)."

{¶ 9} On October 11, 2024, the trial court issued an amended final judgment entry and decree of divorce. Relevant to this appeal, the trial court made the following findings: (1) the house must be listed for sale within 30 days of the order; (2) Leslie must vacate the home by November 3, 2024; (3) Leslie was responsible for continuing to meet all obligations related to the house until it was sold; (4) the parties shall exercise shared parenting with Leslie designated as the residential parent; and (5) Leslie had imputed annual income of $31,912.50. Leslie filed a timely notice of appeal from the trial court's amended decree of divorce.

II. We Must Overrule The First Three Assignments of Error Because Leslie Failed to File the Transcript from the Final Evidentiary Hearing

{¶ 10} Leslie's first three assignments of error raise issues relating to findings the trial court made based on evidence presented at the final evidentiary hearing. Due to Leslie's failure to file the transcript from the final hearing, we must overrule these assignments of error.

{¶ 11} Leslie's first assignment of error states:

The Court erred in ordering Leslie A. Peoples to move from the Marital residence in November, 2024.

{¶ 12} In this assignment of error, Leslie argues that the trial court should not have imputed income to her based on the testimony of Kendo's expert. Further, she states that the court completely ignored the unrefuted testimony of her doctor who removed her from work permanently the year before the final evidentiary hearing. According to Leslie, due to her limited income and finances, she should have been permitted to live in the marital residence until it was sold and the buyers took occupancy. Kendo responds that "it would make very little sense for Leslie to continue to reside in the home with her paramour without sufficient means to buy out Kendo's interest and the Court ordering the property to be listed for sale and sold." Appellee's Brief, p. 9.

{¶ 13} The record before us does not contain a transcript from the August 22, 2024 final evidentiary hearing. On October 30, 2024, Leslie filed a notice of appeal from the trial court's October 11, 2024 judgment. The same day, she filed a praecipe in the trial court asking the court reporter to prepare and file a transcript of the final hearing. On December 9, 2024, while her appeal was pending before us, Leslie filed a request for a four-week extension of time in which to file the transcript, because the transcript had not yet been completed. We granted an extension until December 30, 2024. Leslie did not file the transcript during this extension. On January 2, 2025, we issued an order to show cause giving Leslie 14 days to either file the transcript or show cause, in writing, why this court should not deem the record complete in its current state. Leslie did not respond to

the order to show cause and did not file the transcript. Therefore, on January 21, 2025, we deemed the record complete without a transcript of the August 22, 2024 proceeding.

{¶ 14} Pursuant to App.R. 9(A)(1), the record on appeal consists of the following: "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" App.R. 9(B)(1) states that it is the appellant's duty to order the transcript, and App.R. 9(B)(6)(a)-(j) explains in detail what constitutes a transcript for the purpose of an appeal.

{¶ 15} "Absent a transcript of the trial or a proper recreation of that evidence, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2011-Ohio-3499, ¶ 15 (2d Dist.), citing *Banks v. Regan*, 2008-Ohio-188, ¶ 2 (2d Dist.), and *State v. Like*, 2008-Ohio-1873, ¶ 33 (2d Dist.). *Accord Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

{¶ 16} In its judgment, the trial court imputed $31,912.50 of annual income to Leslie. Further, the trial court ordered the house to be sold and Leslie to move out of the house within 30 days of the amended final decree of divorce. We cannot effectively review whether the trial court correctly imputed income to Leslie because that finding

made by the trial court was based on evidence submitted at the final evidentiary hearing. Without a transcript from that proceeding, we must presume that the trial court considered the relevant evidence and made correct findings based on that evidence. Moreover, the limited record for our review does not affirmatively demonstrate error in the trial court's decision to impute income to Leslie, order the marital residence sold, and require Leslie to move out of the residence within 30 days of the amended final decree of divorce. Therefore, the first assignment of error is overruled.

{¶ 17} Leslie's second assignment of error states:

The Court erred in ordering Leslie A. Peoples to pay all expenses of the marital residence until it is sold.

{¶ 18} In this assignment of error, Leslie takes issue with the trial court's order that Leslie pay all the expenses of the marital residence until it was sold. According to Leslie, the trial court originally ordered Kendo to pay all the expenses but then issued an amended order requiring Leslie to pay all the expenses until the house was sold.

{¶ 19} "The standard for appellate review of a domestic relations court's division of assets and debts is the abuse of discretion standard." *Arnett v. Arnett*, 2004-Ohio-5274, ¶ 9 (2d Dist.). An abuse of discretion implies an attitude that is "unreasonable, arbitrary, or unconscionable." *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). As noted above, we do not have a transcript before us that we can review to determine what evidence was presented to the trial court at the evidentiary hearing regarding such things as who was living at the house, who was benefiting from the use

of the house, and what expenses were being incurred. Notably, Leslie states in her brief that she continues to live in the house, which presumably means she is the one benefiting from the use of the house. Appellant's Brief, p. 8. Given the limited record for our review, we cannot conclude that the record affirmatively establishes that the trial court abused its discretion by ordering Leslie to pay all the expenses of the marital residence until it was sold.

{¶ 20} The second assignment of error is overruled.

{¶ 21} Leslie's third assignment of error states:

The Court erred in ordering shared parenting of the minor son of the parties.

{¶ 22} R.C. 3109.04(G) allows either parent to file a motion or pleading with the court requesting the court to grant shared parental rights and responsibilities for their child. "When making the allocation of the parental rights and responsibilities for the care of the children under [R.C. 3109.04] . . . , the court shall take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1). We review for an abuse of discretion the trial court's decision whether shared parenting was in a child's best interest. *Feldmiller v. Feldmiller*, 2012-Ohio-4621, ¶ 30 (2d Dist.).

{¶ 23} In this assignment of error, Leslie argues that it was not in the best interest of the child to order shared parenting "when it is obvious that these parents have continuing problems regarding visitation which occurred before the case came before the Judge for final hearing, which resulted in multiple contempt motions being filed and required hearings to be held before a Magistrate prior to the final hearing before the

Judge."   Appellant's Brief, p. 12.

{¶ 24} The fact that the parties had previous disputes about parenting time is neither novel in divorce proceedings nor determinative of the issues of custody and the child's best interest. Ultimately, the trial court explained why it decided to order shared parenting.   As part of its explanation, the court referred to the testimony of the parties. Once again, we do not have the transcript from the final evidentiary hearing to review. Without it, we are forced to presume regularity in the trial court's proceedings.   Therefore, we are unable to conclude that the trial court abused its discretion by ordering shared parenting.

{¶ 25} The third assignment of error is overruled.


III.   Leslie Failed to Identify Evidence in the Record Supporting Her Final Assignment of Error

{¶ 26} Leslie's fourth assignment of error states:

The Court erred in not correcting mistakes made in the Final decree of divorce and in filing the divorce decree without the signatures of both attorneys.

{¶ 27} In her final assignment of error, Leslie argues that the trial court erred by issuing a final decree that was not signed by counsel for the parties.   According to Leslie, there were errors made by Kendo's counsel when he wrote and submitted the final decree of divorce to the trial court.   Leslie notes that a copy of the letter written to the trial court by her counsel was attached as Exhibit A to the motion for stay of execution pending

appeal, which was filed with this court on November 19, 2024.

{¶ 28} Kendo responds that his counsel's drafting of the divorce decree complied with Mont. D.R. Rule 4.23. That rule addresses contested matters and provides for a process whereby a court directs one party or counsel to prepare the decree following the final hearing. Mont. D.R. Rule 4.23(B). The rule provides that the party directed to prepare the decree must provide the proposed decree to opposing counsel for review. The opposing counsel then has three days to approve or reject the proposed decree. A failure of opposing counsel to approve or reject the proposed decree permits the party who prepared the decree to present it to the court for approval and filing. Mont. D.R. Rule 4.23(B)(1)-(3).

{¶ 29} Leslie contends that Kendo did not comply with Mont. D.R. Rule 4.23 and that she advised the trial court of this fact. Specifically, Leslie contends that her counsel advised the trial court in a letter dated October 10, 2024, that Kendo's counsel had made mistakes when he drafted the final decree of divorce. According to Leslie, a copy of her counsel's October 10, 2024 letter was attached as Exhibit A to her motion to stay, which was filed with us on November 19, 2024. Leslie argues that the issues laid out in that letter should have been addressed by the trial court prior to the filing of the October 11, 2024 final decree of divorce.

{¶ 30} The October 10, 2024 letter referenced by Leslie in this assignment of error is not a part of the record before us. Leslie did not file a copy of it with the trial court, and the motion to stay to which it was attached was not filed with the trial court. While Leslie submitted a copy of this letter to us by attaching it to her motion to stay, we cannot

consider on appeal documents that were not part of the trial court's record. *State v. Dyer*, 117 Ohio App.3d 92, 96 (2d Dist. 1996) ("[A] document which is presented for the first time on appeal and therefore is not part of the record may not be considered by an appellate court."). Therefore, we cannot conclude that the trial court committed any prejudicial error by not addressing issues Leslie raised in her counsel's October 10, 2024 letter. Finally, the fact that the parties did not sign the amended decree of divorce does not affect its validity. Leslie has failed to cite any legal authority requiring the parties to sign the trial court's divorce decree in order to make it a valid decree, and we are unaware of any such authority.

**{¶ 31}** The fourth assignment of error is overruled.

IV.    Conclusion

**{¶ 32}** Having overruled all of the assignments of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.