[Cite as *In re Schenker*, 2021-Ohio-1018.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| TRACI L. SCHENKER, | : | |
| Petitioner-Appellee and | : | **CASE NO. 2020-T-0032** |
| DONALD J. SCHENKER, | : | |
| Petitioner-Appellant. | : | |

Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2019 DS 00038.

Judgment: Affirmed.

*Damian A. Billak,* 23 Lisbon Street, Suite K, Canfield, OH 44406 (For Petitioner-Appellee).

*Mark Lavelle,* 940 Windham Court, Suite 7, Youngstown, OH 44512 (For Petitioner-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Donald J. Schenker, appeals the May 13, 2020 findings of fact and conclusions of law issued by the Trumbull County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} On July 24, 2010, appellant ("Husband") and appellee, Traci L. Schenker ("Wife"), were legally married. On June 18, 2018, the marriage was legally dissolved.

Husband was represented by counsel; Wife proceeded pro se. The parties entered into a Separation Agreement, which contained two contradictory clauses:

{¶3} Husband agrees to pay Wife spousal support in the amount of $1,200.00 per month for the duration of 10 years beginning December, 2018 and concluding December 3, 2028. Payment is due on or before the 3rd of each month.

{¶4} * * *

{¶5} Neither party shall pay spousal support to the other. The Court shall not maintain continuing jurisdiction over the matter of spousal support.

{¶6} Husband made eight spousal support payments to Wife, then stopped and filed a motion to terminate spousal support citing the contradiction and Wife's remarriage. The court ultimately found that the phrase, "neither party shall pay spousal support to the other," to be a clerical error. It corrected the Separation Agreement via a nunc pro tunc entry and denied Husband's motion.

{¶7} Husband now appeals, assigning two errors for our review. The first states:

{¶8} The Trial Court erred by finding that a "clerical error" was contained in the Separation Agreement that could be eliminated without affecting a substantive right and overruling Defendant-Appellant's Motion to Termination Spousal Support.

{¶9} We will not reverse a trial court's decision to grant relief from judgment pursuant to Civ.R. 60(A) absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "Abuse of discretion" is a term of art "connoting judgment exercised by a court which neither comports with reason, nor the record." *Cefaratti v. Cefaratti*, 11th Dist. Lake Nos. 2008-L-151 and 2009-L-005, 2010-Ohio-5661, ¶15, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶10} Civ.R. 60(A) states:

2

**{¶11}** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**{¶12}** "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996), citing *Londrico v. Delores C. Knowlton, Inc.,* 88 Ohio App.3d 282, 285 (9th Dist.1993). "The term 'clerical mistake' refers to '"a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment.'" *Bloom v. Bloom*, 11th Dist. Trumbull Nos. 2019-T-0078 and 2019-T-0080, 2020-Ohio-4107, ¶35, quoting *Litty, supra,* citing *Londrico, supra.*

**{¶13}** "'The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought, it has decided to exercise its discretion in a different manner.'" *Faith v. Scuba*, 11th Dist. Geauga No. 2007-G-2767, 2007-Ohio-6563, ¶32, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247 (12th Dist.1988). "Courts have held that the proper use of Civ.R. 60(A) is to make changes in judgments to reflect what, in fact, the trial court really decided. * * * In effect, the relief afforded by Civ.R. 60(A) is the judgment actually rendered by the court." *Bloom, supra,* at ¶37, citing *Binder v. Binder*, 8th Dist. Cuyahoga No. 88468, 2007-Ohio-4038, ¶8.

3

Thus, the question germane to our review is whether the error in the separation agreement was clerical or substantive in nature.

{¶14} Courts have held that "a modification cannot be characterized as an improper substantive modification by virtue of its effects." *Bloom, supra,* at ¶39, citing *Foster v. Foster*, 4th Dist. Washington No. 96CA1767, 1997 WL 583567, *6 (Sept. 23, 1997). "Rather, '[i]t is the nature of the correction, rather than the effect of the correction which must be examined.'" *Bloom, supra,* quoting *Foster, supra*; accord *Wood v. Wood*, 11th Dist. Portage No. 2009-P-0076, 2010-Ohio-2155, ¶24 (affirming a trial court's substantial alteration of its judgment entry where it did not alter the courts intent); *Daniels-Rodgers v. Rodgers*, 10th Dist. Franklin No. 15AP-202, 2015-Ohio-1974, ¶14. Thus, we cannot agree, as Husband argues, that "[t]he removal of one spousal support clause at the expense of the other certainly qualifies as 'substantive' in nature."

{¶15} Here, the Separation Agreement listed two mutually exclusive provisions; the court clearly intended only one of the provisions to apply. The circumstances support the finding that the parties and court originally intended the agreement to apply the $1,200 per month sum. Indeed, Husband made eight such payments to Wife. And, given the level of detail and support in the record for the $1,200 amount, it is apparent that Husband's attorney erroneously included the "neither party" language from the document. In order to make the correction, the court did not exercise legal judgment or change its mind from its earlier decision; it merely corrected the document to reflect the original intention. Accordingly, the error was clerical in nature and the trial court did not err in issuing a nunc pro tunc entry.

4

{¶16} Appellant's first assignment of error is without merit.

{¶17} His second states:

{¶18} The trial court erred by finding that it had retained jurisdiction to hear issues related to spousal support when the Separation Agreement contained a clause that explicitly stated it did not retain such jurisdiction.

{¶19} R.C. 3105.18(E)(2) states in pertinent part, "the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: * * * (2) in the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated in the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

{¶20} In the separation agreement in the present case, the parties expressly stated that the court did not have continuing jurisdiction in the matter of spousal support. Husband now argues that the court did not have authority to make any determination that the $1,200 per month spousal support payment applies because, he argues, the error was a substantive one.

{¶21} However, while the court needs to expressly retain jurisdiction in order to correct substantive errors, the court is free to correct clerical errors pursuant to Civ.R. 60(A) even in cases in which the court has not retained jurisdiction to modify or terminate spousal support. *See, e.g., Hillard v. Hillard*, 5th Dist. Stark No. 2002-CA-00396, 2003-Ohio-3136, ¶11-15; *Daniels-Rodgers, supra*. As we determined above, the error here was clerical in nature. Accordingly, the trial court did not err in finding it had jurisdiction to correct the error.

5

{¶22} Appellant's second assignment of error is without merit.

{¶23} In light of the foregoing, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.