[Cite as *Burkons v. Beachwood*, 2023-Ohio-1173.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MIKE BURKONS | Case No. 2022-00815PQ |
| Requester | Special Master Todd Marti |
| v. | REPORT AND RECOMMENDATION |
| CITY OF BEACHWOOD | |
| Respondent | |

{¶1} The matters before the Special Master are the Requestor's complaint and the Respondent's motion for attorney fees. The Special Master recommends that:

- Requester's claim for public records be denied and that costs be assessed against Requester; and

- Respondent's motion for attorney's fees be denied.

### I.    Background.

{¶2} Requester Mike Burkons is a member of the Beachwood City Council. The City of Beachwood ("the City") is the Respondent. Burkons made a public records request to the City for copies of emails and on-line postings that he claims are public records. The City denied that request because, among other reasons, it denied that the emails/postings were "records" within the meaning of R.C. 149.011(G). *Complaint*, filed November 30, 2023. The case was returned to the Court's active docket after unsuccessful attempts at mediation. *Notice of Termination of Mediation*, filed January 27, 2023; *Order*, entered February 2, 2013 ("*Feb. Order*").

{¶3} The Special Master ordered the parties to submit all evidence they would rely on by February 14, 2023. The City was also ordered to file all materials responsive to Burkons' request under seal. *Feb Order*, ¶¶ A, B. The City made both filings. *Sealed Documents*, filed February 14, 2023; *Response to February 2, 2023 Order*, filed February 14, 2023 ("*City's Evidence*"). Burkons has not filed any evidence.

{¶4} The City responded to Burkons' complaint by admitting that Burkons made a public records request and that the request was denied, but denied all other allegations. It also moved to dismiss the complaint for failure to state a claim and argued that Burkons' claim is moot. *Response to Requester's Complaint, Motion to Dismiss, and Motion for Reasonable Expenses*, filed February 28, 2023 ("*MTD*"). The time for Burkons to reply to that motion has expired, but Burkons has not made a reply. *Feb. Order*, ¶ C (2).

{¶5} The City seeks more than dismissal, it also seeks to recover its attorneys' fees pursuant to L.C.C.R 22(D)(2). *MTD*, pp. 1, 8-9, 12.[1]

## II.     Analysis.

## A. Burkons' claim for public records.

## 1. The City's Motion to dismiss should be denied.

{¶6} Civ. R. 7(B)(1) requires that a "motion*** shall state with particularity the grounds therefor[.]" That "prerequisite of particularity * * * was not intended to be a matter of form but was real and substantial." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114, 526 N.E.2d 798 (1988). Courts therefore deny motions that fail to explain why the movant is entitled to the relief requested. See e.g. *Bloom v. Bloom*, 11th Dist. Trumbull Nos. 2019-T-0078, 2019-T-0080, 2020-Ohio-4107, ¶¶ 88-94; *Bank of Am., N.A. v. McGlothin*, 2d Dist. Clark No. 2012 CA 96, 2013-Ohio-2755, ¶ 4; *Dale v. Dale*, 10th Dist. Franklin No. 02AP-644, 2003-Ohio-1113, ¶¶ 10-11.

{¶7} The City moved to dismiss Burkons' complaint "on the grounds that it failed to state a claim upon which relief can be granted," presumably invoking Civ. R. 12(B)(6). *MTD*, p.1. The City's moving papers nowhere explained that basis for dismissal. The Special Master therefore recommends that the City's motion to dismiss be denied for non-compliance with Civ. R. 7(B)(1).

{¶8} In the alternative, to the extent that the City intended its mootness arguments to support Civ. R. 12(B)(6) dismissal, that relief is not available because it relies on materials outside of the complaint. See. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).

## 2. Burkons' claim is mostly moot.

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings.

{¶9} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶¶ 17-18, 22. "A court considering a claim of mootness for a public records request must first determine what records were requested, and then whether any responsive records were provided." *Robinson v. Village of Alexandria*, Ct. of Cl. No. 2017-00808PQ, 2018-Ohio-1581, ¶ 6 adopted 2018-Ohio-171.

{¶10} The record establishes that Burkons' claim is largely moot. The City was ordered to file under seal all materials that are responsive to Burkons' request, and to also separately file and serve all evidence it relies on in this case. *Feb. Order*, ¶ B. The City made those filings, and served copies of its evidence on Burkons. *Sealed Documents*; *City's Evidence*, pp. 1-2, 3-16. A comparison of those two filings reveals that copies every putative record the City filed under seal (the universe of responsive materials) was contained in the evidence served on Burkons. Compare, *Sealed Documents*, pp. 1-4 with *City's Evidence*, pp. 7-10, 12-15. That production mooted almost all of Burkons' claim.

{¶11} The claim was not mooted as to one putative record, the copy of a Facebook post reproduced at p. 7 of the City's evidence. The copy filed in the *City's Evidence* contained redactions. Compare, *Sealed Documents*, p. 1 with *City's Evidence*, pp. 7, 12. A redaction, unless allowed by law, constitutes a non-compliance with R.C. 149.43(B). The City has made no claim or showing that the redactions were allowed by an exception to R.C. 149.43, as is its burden. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶¶ 27, 35. Burkons' production claim therefore remains alive as to that putative record.

{¶12} That is not changed by the City's assertions in its memorandum that it provided copies of all the requested materials on the same day this case was filed. The City provides no evidence of that production, and its statements in its memorandum are not themselves evidence establishing mootness. *State ex rel. Cincinnati Enquirer v.*

*Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶¶ 7-10. Burkons' claim remains alive as to the putative record produced at p. 7 of the City's evidence.

3. **The balance of Burkons' claim fails for want of proof**.

{¶13} What is left of Burkons' claim fails because he did not meet his burden of proving that the remaining item was a "record."

{¶14} A R.C. 2743.75 "complainant's 'burden of production' is to *** prove facts showing that the requester sought an identifiable *public record*[.]" *Welsh-Huggins* 163 Ohio St.3d 337, ¶ 33 (emphasis sic.). Since "'public record' means *records* kept by any public office," R.C. 149.43(A)(1)(emphasis added), that requires proof that the requested material is a "record" as defined by R.C. 149.011(G).

{¶15} Controlling precedent establishes that the requester must provide that proof. In *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, the Columbus Dispatch sought materials that the respondents denied were records. The Court stated that "the Dispatch must prove that" the materials were records. *Id*. at ¶ 19. It further noted that if "the Dispatch fails to prove" the defining elements of a record, it would "not be entitled to *** compel access to the requested" materials. *Id*. It later concluded that the "The Dispatch [was] not entitled to" the materials because it "did not prove that [they] were records." *Id*. at ¶ 44. See also, *Id*. at ¶ 22 ("the Dispatch must establish that" the disputed materials had the defining attributes of a record). The same burden was imposed in *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth*., 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23.

{¶16} In this case Burkons alleged that the materials he requested were public records, but the City disputed that by denying everything but his allegation that he made an unsuccessful public records request. *MTD*, p.2. Burkons therefore had the burden of proving that the materials were records.  He submitted no evidence on that (or any other) point, thus failing to meet his burden of production. The Special Master therefore finds that Burkons' claim for production of the putative record copied at p. 7 of the *City's Evidence* fails for want of proof.

4. **Costs**

{¶17} Costs should be assessed against Burkons pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

### B. The City's motion for attorney fees.

{¶18} Disputes adjudicated through the R.C. 2743.75 process are to be resolved "based on the ordinary application of statutory and case law as they existed at the time of the filing of the complaint." R.C. 2743.75(F)(1). The City's motion for fees is at odds with case law.

{¶19} The cases establish that public records litigants cannot recover fees for services provided by in-house counsel. *State ex rel. Beacon Journal Publishing Co. v. City of Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 62; *State ex rel. Hous. Advocates, Inc. v. City of Cleveland*, 8th Dist. Cuyahoga No. 96243, 2012-Ohio-1187; ¶ 6. This is public records litigation. The City's motion explains that it seeks to recover for the time spent by its Law Director and Assistant Law Director. *MTD*, pp. 9, 12. Those lawyers are City officials. *Charter of the City of Beachwood*, Art. V, § 2.[2] They are therefore in-house counsel, and hence the case law prevents the City from recovering fees for their time.

### III.    Conclusion.

{¶20} In light of the foregoing, the Special Master recommends that:

A. Requester's claim for public records be denied and that costs be assessed against Requester; and

B. Respondent's motion for attorney's fees be denied.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

---

[2] Available at https://www.beachwoodohio.com/DocumentCenter/View/6326/City-of-Beachwood-Charter?bidId=  Last visited March 13, 2023.

_____

TODD MARTI
Special Master

**Filed March 14, 2023**
**Sent to S.C. Reporter 4/7/23**