OPINION
{¶ 1} Appellant, Robert S. Scuba, appeals from the March 5, 2007 judgment entry of the Geauga County Court of Common Pleas, which revived appellee's dormant default judgment against him over his objections. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural Facts
 {¶ 3} Appellee, Mr. Gordon S. Faith ("Mr. Faith"), was awarded default judgment against appellant, Mr. Robert S. Scuba ("Mr. Scuba"), on August 31, 1998. Mr. Faith filed his complaint on June 5, 1998, alleging that he suffered physical and emotional *Page 2 
damages when Mr. Scuba broke into his home, beat him unconscious, and then proceeded to rob him. Mr. Scuba was convicted and is presently incarcerated for the incident.
 {¶ 4} Mr. Scuba was personally served on June 8, 1998, by a deputy sheriff at the Geauga County Jail. The original, signed returned service of summons (personal) is contained in the trial court file. However, Mr. Scuba failed to answer, and Mr. Faith filed a motion for default judgment on August 14, 1998. On August 31, 1998, the court granted the motion and awarded Mr. Faith $282,809.59 in damages and $250,000 in punitive damages; plus interest on the entire amount at the rate of 10% per annum from September 4, 1997, in addition to the costs of the suit.
 {¶ 5} Mr. Faith filed a motion to revive the dormant judgment on May 17, 2006, since the judgment remained unpaid and he discovered that Mr. Scuba may have received an inheritance. In response, Mr. Scuba filed a memorandum in opposition and a motion to show cause on June 5, 2006, seeking the issuance of a warrant for removal so that he could personally attend any hearing.
 {¶ 6} On June 28, 2006, the magistrate issued an order scheduling the hearing on reviving the default judgment for September 27, 2006, and denying Mr. Scuba's request for the issuance of a warrant for removal from incarceration. Subsequently, on August 11, 2006, the court denied Mr. Scuba's July 24, 2006 motion to appear at the hearing via teleconference after finding that it would serve no purpose since the purpose of the hearing was to listen to evidence as to whether or not to revive the judgment and Mr. Scuba would not be permitted to present evidence or cross-examine witnesses via the telephone. *Page 3 
 {¶ 7} Subsequently, Mr. Scuba filed both a motion to dismiss arguing that he was never properly served and a second motion for the issuance of a warrant for removal on December 26, 2006. In turn, Mr. Faith filed his motion in opposition on January 16, 2007, to which Mr. Scuba filed a response on January 24, 2007. The magistrate denied Mr. Scuba's motion to dismiss and motion for an issuance of a warrant for removal in an order issued on January 30, 2007.
 {¶ 8} The hearing to revive the judgment was held on January 31, 2007, and on February 2, 2007, the magistrate issued her findings of fact. The magistrate found that Mr. Scuba was presently serving a sixteen year sentence for the injuries Mr. Faith sustained as a result of Mr. Scuba's attack. Further, Mr. Faith had good reason to believe that the judgment or at least a portion of it was now collectible. Ultimately, the magistrate found good cause was shown and thus, recommended that the judgment against Mr. Scuba should be revived.
 {¶ 9} Mr. Scuba filed his objections on February 9, 2007, raising five objections. Specifically, Mr. Scuba objected to the magistrate's denial of his motion to dismiss and recommendation of the revival against him since his name was incorrect in the complaint,[1] and further, that he was never properly served. He also objected to the magistrate's denial of his request to be present for the proceeding and to the fact that the magistrate found the judgment or a portion of it was now collectible. He then argued that the magistrate erred by referring to him as "defendant" and by stating that he is serving a sixteen year sentence when, in fact, he is serving a nineteen year sentence. Mr. Faith filed his response in opposition to Mr. Scuba's objections on February 23, *Page 4 
2007, to which Mr. Scuba responded on March 2, 2007.
 {¶ 10} On March 5, 2007, the court adopted the magistrate's recommendations in a judgment entry overruling all five of Mr. Scuba's objections. The court then ordered the dormant judgment be revived in favor of Mr. Gordon in the amount of $532,809.59, with interest at the rate of 10% per annum from September 4, 1997. On March 22, 2007, the court issued a nunc pro tunc entry to correct the spelling of Mr. Scuba's name, which was spelled as "Schuba" in the caption of the February 2, 2007 magistrate's decision and the March 5, 2007 judgment entry.
 {¶ 11} It is from the March 5, 2007 judgment entry that Mr. Scuba now appeals, raising the following three assignments of error:
 {¶ 12} "[1.] The trial court erred and abused its discretion in refusing to permit Appellant to participate in the proceedings.
 {¶ 13} "[2.] The trial court erred as a matter of law in failing to grant Appellant's motion to dismiss.
 {¶ 14} "[3.] The trial court erred as a matter of law in granting the revivorship of the dormant judgment where the judgment was void ab initio."
 {¶ 15} The Right to Personally Appear
 {¶ 16} In his first assignment of error, Mr. Scuba contends that the trial court abused its discretion in refusing to permit him to be present for the revivor hearing.
 {¶ 17} "The term `abuse of discretion' * * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. * * *' State v. Adams (1980),62 Ohio St.2d 151, 157." Dragojevic-Wiczen v. Wiczen *Page 5 
(1995), 101 Ohio App. 3d 152, 155, citing State v. Montgomery (1991),61 Ohio St.3d 410, 413.
 {¶ 18} Furthermore, "[a]n incarcerated individual does not have a constitutional right to be present at a civil trial or hearing." In Re:Nieves (Aug. 2, 1991), 11th Dist. No. 90-G-1574, 1991 Ohio App. LEXIS 3673, 2, citing Mancino v. Lakewood (1987), 36 Ohio App. 3d 219, 221.
 {¶ 19} "Rather, the granting of such a writ is within the court's discretion, and the court should weigh such matters as the importance of the testimony, expense of the appearance, integrity of the corrections system, conditions of security, interest of the prisoner in presenting testimony in person, and presence of alternatives. * * *" Wiczen at 154, citing In re Colburn (1987), 30 Ohio St.3d 141, 142.
 {¶ 20} Specifically, Mr. Scuba contends that by denying his motion for an issuance of a warrant for removal from incarceration that his right to access the court was violated. Mr. Scuba further argues that this denied him his right to participate in the proceedings and that the court ignored all of his written pleadings. We find these contentions to be without merit.
 {¶ 21} There is no indication that the trial court abused its discretion in denying Mr. Scuba's motion for removal. Rather, in the March 5, 2007 judgment entry the court noted that Mr. Scuba was incarcerated and then reviewed the magistrate's June 28, 2006 order, which denied Mr. Scuba's request, stating: "[T]he magistrate took into account the costs and inconvenience of transporting Mr. Scuba to the hearing, the clearly low probability of success on the merits since Mr. Scuba is presently incarcerated for his attack on Mr. Faith. She found that it was impractical to bring Mr. *Page 6 
Scuba to the venue of the civil trial." The court clearly considered all the factors that weigh on this determination, and we cannot say that the court's denial is an abuse of discretion in this case, especially in light of the fact that Mr. Scuba stands such a low probability of success on the merits since he admitted to robbing Mr. Faith and committing acts of violence against him and there was personal service of the underlying summons and complaint.
 {¶ 22} Furthermore, there is no evidence that the court ignored Mr. Scuba's written pleadings. Indeed the court went on to note that "[i]n the Order, Magistrate Lee advised Mr. Scuba of his right to present his testimony by deposition and/or arrange to have counsel appear on his behalf at the hearing. Apparently he chose to do neither." (Emphasis added.)
 {¶ 23} Thus, we cannot say that the court abused its discretion or that Mr. Scuba's right to access the courts has been violated. Nor can we say that the court ignored his pleadings as is evidenced by the trial court's consideration of the many motions filed by Mr. Scuba.
 {¶ 24} Mr. Scuba's first assignment of error is without merit.
 {¶ 25} Motion to Dismiss
 {¶ 26} In his second assignment of error, Mr. Scuba argues that the trial court erred in denying his motion to dismiss as a matter of law, pursuant to Civ.R. 12(B)(7).
 {¶ 27} "The standard of review under a Civ. R. 12(B) motion to dismiss, since it presents only questions of law, is de novo." JP MorganChase Bank v. Ritchey, 11th Dist. No. 2006-L-247, 2007-Ohio-4225, ¶ 17, citing Goss v. Kmart Corp., 11th Dist. No. 2006-T-0117, 2007-Ohio-3200, ¶ 17
(citations omitted.) *Page 7 
 {¶ 28} "Civ.R. 12(B)(7) provides that an action can be dismissed on the basis of failing to join a necessary party." Net Solutions, Inc. v.NSI Group LLC, 7th Dist. No. 04-MA-103, 2005-Ohio-5483, ¶ 30. SeeBoston v. Pence (May 23, 2001), 9th Dist. No. 3132-M, 2001 Ohio App. LEXIS 2287. However, the Supreme Court of Ohio has "indicated that the failure to join a necessary party should only be the basis for dismissing in rare circumstances." Id. at ¶ 31, citing Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. OfEducation (1999), 86 Ohio St.3d 318, 321, 1999 Ohio 109.
 {¶ 29} Mr. Scuba contends that the trial court erred in denying his motion to dismiss for two reasons. First, because a suffix, "Jr.", was added to Mr. Scuba's name throughout the entire history of this case, he argues that he was never properly joined as a party, and thus is not properly under the court's jurisdiction. Second, he contends that he was never served with the summons and complaint and that there is no record of any such service contained in the record. For the following reasons, we find these contentions to be without merit.
 {¶ 30} We reject Mr. Scuba's claim that the addition of "Jr." to his name or for that matter the misspelling of his surname in the caption of the magistrate's February 2, 2007 decision and the court's March 5, 2007 judgment entry mandates dismissal. A review of the record reveals that indeed the suffix "Jr." was added to Mr. Scuba's name and his was name was inadvertently misspelled as "Schuba Jr." in the two court documents, since the filing of the complaint on June 5, 1998 until March 22, 2007, when the court issued a judgment entry to correct the error and clarify that all references to the "defendant" are references to Mr. Scuba. However, the errors that are present in *Page 8 
this case are merely clerical in nature. This is not a case where a necessary and indispensable party was not joined as Mr. Scuba contends. Mr. Scuba was personally served with the summons and complaint even though the documents added a "Jr." to his correctly spelled name. The error did not delay service nor cause confusion in identifying him. Furthermore, the error did not affect the merits of the case nor did it prevent him from having such notice of the institution of the action against him. This error did not prejudice him maintaining his defense on the merits.
 {¶ 31} Pursuant to Civ. R. 60(A): "[clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
 {¶ 32} "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought, it has decided to exercise its discretion in a different manner." Kuehn v. Kuehn (1988),55 Ohio App. 3d 245, 247, citing Blanton v. Anzalone (C.A. 9, 1987),813 F.2d 1574, 1577 (interpreting Fed.R.Civ.P. 60(a).)
 {¶ 33} Thus, in the present case, the trial court was free to correct this typographical error because it was merely a "blunder in execution." The March 22, 2007 judgment entry corrected the record to reflect that "the correct spelling of Defendant's sir name is Scuba, not Schuba." The misspelling of Mr. Scuba's name in *Page 9 
this case did not delay notice, create confusion, or impact the substantive merits of this case.
 {¶ 34} Mr. Scuba also argues that he was never properly served and that the record contains no evidence of service except for a letter to Mr. Faith's counsel from the court. In that July 16, 1998 letter the court notified Mr. Faith's counsel that default judgment would be appropriate since Mr. Scuba had failed to defend or plead the complaint within the required twenty-eight day time period, and further, that a voluntary dismissal pursuant to Civ.R. 41(b) would result if the default judgment motion was not made. Mr. Scuba's contention is without merit since the record reflects that Mr. Scuba was properly served by personal sheriffs' service.
 {¶ 35} In addition to the July 16, 1998 letter, the actual summons is in the record and recorded on the docket and the return of service on the reverse side of the summons is duly signed by the deputy who served the summons on June 8, 1998. Mr. Scuba asserts that because he never signed the summons service was never effectuated. However, Civ.R. 4.1, which governs service of process, contains no requirement that the person being served sign the summons. Rather, the person serving the summons must sign the return of service. Thus, Civ.R. 4.1(B) states: "[t]he person serving process shall locate the person to be served and shall tender a copy of the process and accompanying documents to the person to be served. When the copy of the process has been served,the person serving process shall endorse that fact on the process and return it to the clerk who shall make the appropriate entry on the appearance docket." (Emphasis added.)
 {¶ 36} Mr. Scuba's second assignment is without merit. *Page 10 
 {¶ 37} Revived Judgment
 {¶ 38} In his last assignment of error, Mr. Scuba contends that the default judgment entered against him on August 31, 1998, cannot be revived because that judgment is void ab initio. As raised in his second assignment of error, Mr. Scuba claims that because he was never served, the default judgment entered against him is void.
 {¶ 39} Mr. Scuba is correct in that "before a trial court can enter judgment against a defendant, the court must first have personal jurisdiction over the defendant." Sweeney v. Smythe, Cramer Co., 11th Dist. Nos. 2002-G-2422 and 2002-G-2448, 2003-Ohio-4032, ¶ 12, citingOld Meadow Farm Co. v. Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 Ohio App. LEXIS 782, 2. "Therefore, a default judgment rendered by a court without personal jurisdiction over the defendant is void." Id., citing Thomas v. Corrigan (1999), 135 Ohio App.3d 340, 343.
 {¶ 40} "That being said, `the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts.'" Id. at ¶ 13, citing Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus. See, also,Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. ofRevision (2000), 87 Ohio St.3d 363, 368. "In other words, because a court has the inherent power to vacate a void judgment, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). Id., citing State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, paragraph one of the syllabus; Cincinnati School Dist. Bd. Of Edn. at 368; Patton at paragraph three of the *Page 11 
syllabus; Thomas at 343. See, also, Williams v. Ludlum (Aug. 20, 1999), 11th Dist. No. 98-P-0016, 1999 Ohio App. LEXIS 3869, 3.
 {¶ 41} Furthermore, "[f]or service of process to be valid, the plaintiff must satisfy the requirements set forth in the Ohio Rules of Civil Procedure." Id. at ¶ 14, citing Petrowski at 2.
 {¶ 42} "While there is presumption of proper service in cases where the Civil Rules on service are followed, the presumption is rebuttable by sufficient evidence that service was not received." Id. at ¶ 15, citing Thomas at 344. "Courts must consider each case on its own facts to determine whether service of process was reasonably calculated to reach the interested party." Id. "Moreover, the `party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process.'" Id., citing United Ohio Ins. Co. v. Rivera (Dec. 11, 1998), 11th Dist. No. 98-A-0026, 1998 Ohio App. LEXIS 5980, 3.
 {¶ 43} As we stated above in the second assignment of error, the summons and the return of service, duly signed by the deputy who delivered it, is part of the record and recorded on the docket. Mr. Scuba has failed to offer any evidence of a defect or irregularity to rebut the presumption of proper service.
 {¶ 44} Mr. Scuba's third assignment of error is without merit.
 {¶ 45} The judgment of the Geauga County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] The suffix "Jr." was added to his name, which was otherwise correct. *Page 1