[Cite as *Geothermal Professionals, Ltd. v. Kozlowski*, 2025-Ohio-1598.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| GEOTHERMAL PROFESSIONALS LTD, | CASE NO. 2024-G-0049 |
| Plaintiff-Appellee, | Civil Appeal from the Chardon Municipal Court |
| - vs - | |
| STEVEN M. KOZLOWSKI, et al., | Trial Court No. 2024 CVI 00239 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Affirmed

*R. Brian Borla* and *Rachel A. Caspary*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Plaintiff-Appellee).

*Michael P. Harvey*, Michael P. Harvey Co., LPA, 311 Northcliff Drive, Rocky River, OH 44116 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1}     Appellants, Steven and Susan Kozlowski, appeal the order of the Chardon Municipal Court denying their Civ.R. 60(A) and (B) motion for relief from judgment in favor of Appellee, Geothermal Professionals Ltd. The trial court denied Appellants' Civ.R. 60 motion because Appellants had failed to timely appeal after the trial court's entry adopting the magistrate's decision. The trial court said that Civ.R. 60 is not a substitute for direct appeal and was not the appropriate mechanism for Appellants to attack the merits of the trial court's final appealable order.

{¶2} On appeal, Appellants' arguments relate to the trial court's denial of their Civ.R. 60 motion for relief from judgment.

{¶3} Having reviewed the record and the applicable caselaw, we affirm the judgment of the trial court. Appellants' delayed Civ.R. 60 motion for relief from judgment cannot serve as a substitute for a timely appeal to extend the time of appeal from the original judgment on the merits. Appellants failed to timely appeal the trial court's original judgment entry on the merits. Their attempt to use the trial court's denial of their Civ.R. 60 motion to manufacture a new entry from which to appeal the original judgment is not availing. *See State v. Rock*, 2017-Ohio-7294, ¶ 14 (11th Dist.).

{¶4} Therefore, we affirm the judgment of the Chardon Municipal Court.

**Substantive and Procedural History**

{¶5} On March 13, 2024, Appellee filed a small claims complaint in the Chardon Municipal Court seeking payment for work performed on Appellants' geothermal system. Appellee filed its complaint pro se through Dan Fant, the owner of Geothermal. A trial date was set for May 2, 2024.

{¶6} On April 30, 2024, Appellants, through counsel, filed their Answer, Affirmative Defenses, and Counterclaims, seeking damages of at least $25,000.00.

{¶7} The trial proceeded on May 2, 2024. Neither Appellants nor their trial counsel were present. Dan Fant was present on behalf of Appellee, which proceeded pro se. The magistrate heard testimony and issued a written decision on May 9, 2024.

{¶8} The magistrate's decision found that Appellants had a geothermal system installed in their home by a company other than Appellee. In January 2024, Appellants called Appellee to perform emergency repair services to their system, which had caused

a flood in their basement. Appellee completed the service and presented a bill to Appellants for $3,905.00, which Appellants had not paid as of the date of the hearing. Based on the testimony and evidence, the magistrate found in favor of Appellee and recommended the trial court enter judgment for the amount of the unpaid bill plus interest at 8% per annum from the date of judgment. The magistrate's decision also recommended that Appellants' Counterclaims be dismissed.

{¶9} On May 15, 2024, Appellants filed Objections to the Magistrate's Decision on nine grounds: (1) their prayer for relief in their Answer and Counterclaims exceeded the jurisdiction of the small claims court and the matter should have been transferred to the Geauga County Common Pleas court docket; (2) Appellants did not receive notice of any proceeding going forward "on a small claims matter particularly with Counterclaims and an Answer filed that is referenced in the Court's decision"; (3) Appellee improperly proceeded pro se as a corporate entity; (4), (5), (6), and (7) proceeding with the hearing was an abuse of discretion because the court was divested of jurisdiction due to the Counterclaims exceeding the statutory jurisdiction of the small claims court; (8) the court should not have proceeded with the trial where Appellants were not present but had filed an Answer and Counterclaims; and (9) the finding that Appellants failed to pay the invoice was incorrect.

{¶10} On that same day, Appellants filed a motion styled as a motion for Civ.R. 60(B) relief from judgment seeking relief from the magistrate's decision. That motion raised substantially the same issues as their Objections to the Magistrate's Decision.

{¶11} On that same day, Appellants voluntarily dismissed their Counterclaims without prejudice.

Case No. 2024-G-0049

{¶12}  On May 22, 2024, the trial court denied Appellants' Motion for Civ.R. 60(B) relief.

{¶13}  On June 10, 2024, Appellants filed a motion styled as an amended motion for Civ.R. 60(B) relief. On June 12, 2024, the trial court denied the amended motion for Civ.R. 60(B) relief.

{¶14}  On June 26, 2024, the trial court overruled Appellants' Objections to the Magistrate's Decision and entered judgment for the amount of the unpaid bill plus interest at 8% per annum from the date of judgment. As for the Counterclaims, the trial court found that Appellants "filed a Dismissal of Counterclaims Without Prejudice."

{¶15}  On July 16, 2024, Appellants filed a Motion for Stay of Execution of the Judgment Issued on June 26, 2024, requesting the stay pending the outcome of a case that Appellants filed against Appellee in the Geauga County Court of Common Pleas. The trial court set the matter for a hearing.

{¶16}  On August 9, 2024, Appellee filed a motion to vacate the hearing on the motion to stay because Appellants' complaint in the Geauga County Court of Common Pleas had been dismissed. Appellee attached a copy of the order of dismissal to its motion. Appellants opposed vacating the hearing because they stated they would appeal the dismissal of the Geauga County Court of Common Pleas case. On August 12, 2024, the trial court set the matter for a hearing on the stay of execution. However, on August 23, 2024, Appellants filed a Notice of Withdrawal of Motion to Stay Execution of Judgment.

{¶17}  Then, on October 15, 2024, Appellants filed a motion seeking relief from judgment under Civ.R. 60(A) and (B). Appellants argued: (1) that a clerical mistake was

Case No. 2024-G-0049

made because the case was not automatically transferred to the Geauga County Court of Common Pleas when Appellants filed their Counterclaims requesting relief in an amount above the jurisdiction of the small claims court; (2) the judgment against them was based on a mistake because R.C. 1925.02(B) divested the trial court of jurisdiction to render judgment; and (3) the court made a mistake by holding the trial after Appellants filed their Answer and Counterclaims and in permitting Appellee to proceed pro se through its owner.

{¶18} On November 13, 2024, the trial court held a hearing on Appellants' motion. On November 18, 2024, the trial court denied Appellants' motion, stating that Appellants failed to timely appeal after the trial court's June 26, 2024 judgment entry adopting the magistrate's decision. The trial court said that Civ.R. 60 is not a substitute for direct appeal and was not the appropriate mechanism for Appellants to attack the merits of the trial court's final appealable order.

{¶19} On December 12, 2024, Appellants timely appealed the trial court's denial of their October 15, 2024 motion for relief from judgment.

## Assignments of Error and Analysis

{¶20} We address Appellants' assignments of error together.

{¶21} Appellants' first assignment of error states: "The Trial Court Erred as a Matter of Law Because a Clerical Mistake was Made."

{¶22} Appellants' second assignment of error states: "The Trial Court Erred as a Matter of Law Because Ohio Civil Rule 60(B) Permits Relief From Judgments Based Upon Mistakes, Surprise, Inadvertency, and Excusable Neglect."

Case No. 2024-G-0049

{¶23} Appellants' third assignment of error states: "The Trial Court Erred as a Matter of Law Because Kozlowskis [sic] are Entitled to Ohio Civil Rule 60(A) Relief."

{¶24} We review a trial court's denial of a motion for relief from judgment pursuant to Civ.R. 60(A) for an abuse of discretion. *In re Schenker*, 2021-Ohio-1018, ¶ 9 (11th Dist.). "The term 'abuse of discretion' . . . is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 2009-Ohio-2089, ¶ 30 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004); *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Raia* at ¶ 9, quoting *Beechler* at ¶ 67.

{¶25} Civ.R. 60(A) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

{¶26} "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 1996-Ohio-340, ¶ 13. A "clerical mistake" is "'a mistake or omission, mechanical in nature and apparent

on the record which does not involve a legal decision or judgment.'" *Bloom v. Bloom*, 2020-Ohio-4107, ¶ 35 (11th Dist.), quoting *Litty* at ¶ 13.

**{¶27}** "'The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought, it has decided to exercise its discretion in a different manner.'" *Faith v. Scuba*, 2007-Ohio-6563, ¶ 32 (11th Dist.), quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 274 (12th Dist. 1988).

**{¶28}** "Courts have held that the proper use of Civ.R. 60(A) is to make changes in judgments to reflect what, in fact, the trial court really decided." *Bloom* at ¶ 37. Thus, Civ.R. 60(A) provides relief by effecting the judgment the court actually rendered. *Id.* "Further, this court has recognized that Civ.R. 60(A) cannot be used as a substitute for an appeal of a judgment." *Id.* at ¶ 40.

**{¶29}** We review the trial court's decision to grant or deny a Civ.R. 60(B) motion for an abuse of discretion. *Nationstar Mtge. LLC v. Groves*, 2017-Ohio-887, ¶ 12 (11th Dist.).

**{¶30}** To prevail on a Civ.R. 60(B) motion, a movant must satisfy the three-prong test set out in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). Appellants must demonstrate: (1) a meritorious claim or defense to raise if relief is granted; (2) entitled to relief under one of the subsections of Civ.R. 60(B); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R.

Case No. 2024-G-0049

60(B)(1), (2), or (3), the motion is made not more than one year after the judgment was entered. *Id.* at paragraph two of the syllabus.

**{¶31}** "[I]t is well-settled that relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for an appeal or an attempt to extend the time for appeal of a final adjudication on the merits of an action." *Ohio Cas. Ins. Co. v. Valaitis*, 2012-Ohio-2561, ¶ 31 (11th Dist.). An appellant must timely appeal from the judgment and cannot use a Civ.R. 60(B) motion as a substitute for a timely appeal or to manufacture a new entry from which to appeal from the original judgment. *See State v. Rock*, 2017-Ohio-7294, ¶ 14 (11th Dist.) (holding an appeal from the denial of a Civ.R. 60(B) motion arguing the trial court abused its discretion in denying a petition for postconviction relief "could have been raised in a timely appeal from the judgment denying the petition"). Filing a Civ.R. 60 motion does not toll the time to appeal. *Key v. Mitchell*, 1998-Ohio-643, ¶ 5. A "failure to file a timely appeal constitutes a waiver of issues that could have been raised in an appeal." *Wells Fargo Bank, N.A. v. Greene*, 2024-Ohio-667, ¶ 31 (8th Dist.). If this were not the case, "'judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a [Civ.R. 60(B)] motion to vacate judgment.'" (Bracketed text in original.) *Key* at ¶ 6, quoting *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 193 (1988).

**{¶32}** Similarly, a trial court's stay does not toll the time for appeal. *Kemper Secs., Inc. v. Schultz*, 111 Ohio App.3d 621, 625 (10th Dist. 1996). App.R. 4(A) sets forth "the exclusive means by which the running" of the time to appeal may be suspended. *Rossiter v. Scott*, 1998 WL 717302, *1 (9th Dist. Oct. 14, 1998).

Case No. 2024-G-0049

{¶33} The arguments Appellants raised in their October 15, 2024 Civ.R. 60 motion are substantively the same arguments that they raised in their original May 15, 2024 Objections to the Magistrate's Decision. In both instances, they argued that the clerk of courts made a clerical mistake by not automatically transferring the case out of the jurisdiction of the Chardon Municipal Court because they had filed Counterclaims beyond monetary jurisdictional of the small claims court; that the trial court judgment was a mistake because the trial court no longer had jurisdiction to render judgment; and that the trial court made a mistake by going forward with the trial after Appellants filed their Answer and Counterclaims and in permitting Appellee to proceed pro se through its owner.

{¶34} However, Appellants could have immediately appealed these issues after the trial court's June 26, 2024 judgment entry adopting the magistrate's recommendation to enter judgment in favor of Appellee. Instead, Appellants filed a motion to stay execution of judgment while their case in the Geauga County Court of Common Pleas was pending. While that motion was pending (July 16, 2024-August 24, 2024), the time to appeal the original judgment expired on July 26, 2024.

{¶35} Then, nearly four months later, Appellants filed a new Civ.R. 60 motion, which raised the same issues they had previously raised in their Objections to the Magistrate's Decision. Neither the filing of their motion to stay execution of judgment nor their Civ.R. 60 motion tolled the time for appeal. Pursuant to App.R. 4(A), Appellants were required to perfect a timely appeal of the trial court's June 26, 2024 judgment entry within 30 days.

{¶36} The trial court denied the October 15, 2024 Civ.R. 60 motion. The appeal before us relates to that judgment – not to the June 26, 2024 judgment entry adopting the

magistrate's decision. We agree with the trial court that Appellants' Civ.R. 60 motion could not serve as a substitute for a timely appeal to extend the time to appeal from the original judgment. Appellants cannot use the denial of a Civ.R. 60 motion to manufacture a new entry from which to appeal the June 26, 2024 final appealable order. Moreover, Appellants' motion for stay and other filings did not toll the time for appeal. Therefore, the trial court's denial of Appellants' Civ.R. 60 motion was proper.

{¶37} Accordingly, Appellants' assignments of error are without merit.

{¶38} For the foregoing reasons, the judgment of the Chardon Municipal Court is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-G-0049

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellants' assignments of error are without merit. It is the judgment and order of this court that the judgment of the Chardon Municipal Court is affirmed.

Costs to be taxed against Appellants.


_____
JUDGE JOHN J. EKLUND


_____
JUDGE EUGENE A. LUCCI,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-G-0049